IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY W. STEELE, #4227-15,<br>    Plaintiff, | §<br>§<br>§ |
| v. | § Civil Case No. 3:16-CV-1117-M-BK |
| | § |
| JOE GRUBBS, Retired District Attorney,<br>    Defendant. | §<br>§<br>§ |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was automatically referred to the United States Magistrate Judge. On April 25, 2016, Plaintiff, an Ellis County, Texas inmate, filed a *pro se* complaint under 42 U.S.C. § 1983. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. For the reasons that follow, this case should be summarily dismissed.

**I. BACKGROUND**

Plaintiff brings this suit against Joe Grubs, former District Attorney for Ellis County, for unlawfully convicting and falsely imprisoning him for 540 days in 2005, in Cause No. 29039CR. Doc. 3 at 4, 13. He asserts the indictment in Cause No. 29039CR was for an offense previously dismissed in Cause No. 28631CR. Doc. 3 at 4. He also maintains the conviction in Cause No. 29039CR "placed an unlawful detainer" on his eligibility for parole in violation of his constitutional rights. *Id.* Plaintiff seeks monetary compensation for the 540 days he was illegally confined. *Id.* He did not previously challenge his conviction in Cause No. 29039CR on appeal or through collateral review.[1]

---

[1] A review of online docket information for the Texas Court of Criminal Appeals and the Tenth Court of Appeals' websites reflects no direct appeal or post-conviction habeas application

On April 28, 2016, Plaintiff submitted to this Court a copy of a motion to dismiss for want of timely prosecution recently filed by defense counsel in *State v. Steele*, No. 40590CR (443rd Judicial District Court, Ellis County), a new criminal case presently pending against him. Doc. 6 at 2-3.  Plaintiff reiterates generally that the 540-day sentence in Cause No. 29039CR has "put a detainer on [his] parole eligibility" in violation of his constitutional rights.  Doc. 6 at 1.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, the complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  Those statutes provide for *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice").  Even under this most liberal construction, however, Plaintiff's complaint is frivolous.

---

challenging Plaintiff's conviction in Cause No. 29039CR.  The websites are available at http://www.search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c, last visited on May 3, 2016, and http://www.search.txcourts.gov/CaseSearch.aspx?coa=coa10&s=c, last visited on May 3, 2016.

The doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Plaintiff's state conviction under section 1983. In *Heck*, the United States Supreme Court unequivocally held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-487. The *Heck* rule also applies to claims for declaratory and injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the proceeding. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

In this case, a ruling in Plaintiff's favor on the claims pled "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Thus, since no court has reversed or invalidated Plaintiff's state conviction in Case No. 29039CR,[2] his claims are clearly barred by *Heck*. Consequently, the complaint lacks any basis in law and should be dismissed with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*. See *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (relying on *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996) to similarly modify dismissal language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck* barred claim is legally frivolous).

---

[2] Unless an authorized tribunal or executive body has overturned or otherwise invalidated Plaintiff's convictions, his claims are "not cognizable under [section] 1983." *Heck*, 512 U.S. at 487.

### III. LEAVE TO AMEND

Ordinarily, a *pro se p*laintiff should be granted leave to amend his complaint prior to dismissal, however, leave to amend is not required where plaintiff "has already pleaded his 'best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). As discussed herein, Plaintiff's claims are fatally infirm. Thus, the Court concludes that granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the complaint be summarily **DISMISSED** with prejudice as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) ("A preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'") (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

This dismissal will count as a "strike" or "prior occasion" within the meaning of 28 U.S.C. § 1915(g).[3]

**SIGNED May 3, 2016.**

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 1915(g), commonly known as the "three-strikes" provision, provides: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

/s/ Renee Harris Toliver
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE